UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| TERESA LYNN BRANSON, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. |
| ) | 6:21-CV-63-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **and ORDER** |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 11 & 15). The plaintiff, Teresa Lynn Branson, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of her claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the entire record in conjunction with the briefs, hereby **denies** the Plaintiff's motion for summary judgment and **affirms** the Commissioner's decision.

The Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-

step sequential process. 20 C.F.R. § 404.1520(a)(1),(4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). In sum, the five steps, consist of the following:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities— the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the

next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that Teresa L. Branson ("Branson") did not engage in substantial gainful activity through March 8, 2019[1] to December 31, 2019. (DE 7-1, Administrative Record ("AR") at 18, ¶ 1).

At step two, the ALJ determined that Branson's severe impairments included: degenerative disc disease of the cervical and lumbar spine, migraines, anxiety disorder, depressive disorder, and bipolar disorder. (*Id.*, ¶ 2).

At step three, the ALJ found that, through the date last insured, Branson did not have an impairment or combination of impairments that meets or medically equals the severity of one of

---

[1] Initially, when Branson filed her application for DIB, she alleged disability beginning on October 10, 2012 (*See* AR 285-86); however, at the July 2020 hearing, Branson amended her disability onset date to March 8, 2019, the date of her protective filing. (AR 15, 43).

the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.* at 18-20)

Before proceeding to step four, the ALJ determined that Branson had the residual functional capacity (RFC) to perform a broad range of "light" work, as defined in 20 C.F.R. § 404.1567(b). The ALJ's RFC finding, in full, states that:

> She could occasionally climb ramps and stairs. She should never have climbed ladders, ropes, or scaffolds. She could occasionally stoop, kneel, crouch, and crawl. She should have worked at a moderate noise level as defined in the SCO and DOT. She should never have been exposed to moving mechanical parts, unprotected heights, or dangerous machinery. She could occasionally be exposed to vibration. She could understand, remember, and carry out simple instructions and procedures. She could sustain concentration, persistence, and pace for the completion of simple instructions and procedures in 2-hour segments of time in an 8-hour workday. She can have frequent interaction with co-workers and supervisors and occasional interaction with the public. She could adapt to occasional workplace changes that were gradually introduced.

(*Id.* at 20, ¶ 5).

Next, the ALJ determined that Branson does not have the RFC to perform the requirements of her past relevant work. (*Id.* at 29-30).

At step five, the ALJ determined that there were representative unskilled light jobs that existed in significant numbers in the national economy that Branson could have performed.

Thus, the ALJ found that Branson was not disabled, at any time under the Act, from her amended disability onset date of March 8, 2019 through December 31, 2019. (*Id*. at 29-31).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Branson's request for review. (*Id*. at 12-14; *see* 20 C.F.R. § 422.210(a)). Branson has exhausted her administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment (DE 11 & 15), and this case is now ripe for review under 42 U.S.C. § 405(g).

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.; see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). This threshold for evidentiary sufficiency under the standard is "not high." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). It is met "if a reasonable mind might accept the relevant evidence as adequate to support a conclusion."

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotations omitted).

In assessing the ALJ's decision, the Court cannot try the case *de novo*, nor is it tasked with resolving any conflicts in the evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709,713 (6th Cir. 2012). The Court is also not empowered to decide questions of credibility. If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth,* 402 F.3d at 595).

Branson first contends that the ALJ failed to consider her subjective complaints and to "properly evaluate the medical evidence." (DE 11-1 at 12). However, her bare-bones argument fails to explain just *how* the ALJ erred. As such, the Court will find that Branson has waived these particular challenges to the ALJ's decision. *See, e.g., Hollon ex rel. Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 490–91 (6th Cir. 2006) (noting that, because the claimant made "little effort" to develop her arguments on appeal, the Court "decline[s] to formulate arguments on her behalf, or to undertake an open-ended review of the entirety of the administrative record….").[2]

---

[2] Branson's argument follows a very lengthy description of her past medical history, as well as a boilerplate reproduction of relevant

The ALJ found that Branson retained the ability to perform a range of simple, light work with additional postural, environmental, and social limitations (AR 20). In making this finding, first, the ALJ thoroughly considered Branson's medical history, testimony, and reported symptoms in determining that she has the RFC to perform light work. The ALJ explained her reasoning for finding that Branson's physical and mental limitations, "considered singly and in combination[,]" (*see* AR 18) were not considered "severe" as Branson claims. The ALJ found that Branson had "moderate limitations" in the following: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting and managing oneself. (*Id*. at 18-20). In each case, the ALJ considered Plaintiff's ability to (successfully) complete certain tasks and activities, and her outward behavior at the hearing before her, including the statements made in response to the questions posed. The ALJ further considered Branson's past mental health treatment notes (AR 25-27; *see also* 886-87, 1065, 1068-69), acknowledged her reported migraines, past psychiatric hospitalizations, and the opinions[3] of the state agency

---

statutory language and case law. She does not, however, analyze the law with respect to her factual contentions.

[3] Medical opinions may include reports from treating physicians, examining physicians, and nonexamining physicians. The ALJ evaluates the opinions based upon the amount of medical source

psychological consultants. The ALJ provided specific reasons for discounting Branson's subjective complaints, and her basis for concluding that her mental conditions did not seem to alter or worsen, since the 2018 ALJ's decision. (*See* AR 27). Nor does Branson lend any evidence to the contrary to show how her mental status has arguably changed since 2018. As such, like the previous ALJ, the ALJ's RFC continued to account for any work-related mental impairment, but did not place them in the "severe" or disabling category.

Moreover, to the extent Branson argues that the ALJ ignored or minimized her physical limitations, her arguments are equally unconvincing. In this regard, Branson specifically points to the ALJ's alleged discounting of her neck and back pain. (DE 11-1 at 15-16). However, the ALJ thoroughly considered all of the medical evidence, looking at Branson's medical records from Fall 2017, with respect to the records that the previous ALJ reviewed, as well as the much recent medical evidence that stemmed from December 2019. (AR 21-24; *see also* AR 523, 527. The ALJ noted the progression of Branson's pain management, including her treatment

---

evidence supporting the opinion, the consistency of the opinion with the record as a whole, whether the opinion is from a specialist discussing an issue related to his or her area of specialty, and other factors that tend to support or contradict the opinion. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) (determining that the ALJ's reasoning for crediting or discrediting medical opinions does not need to be verbose).

plans, the medications and exercises that were used to target and lessen her neck and back pain, and how such medications allowed her to cope with daily activities. Consistent with her amended onset date of March 2019, the ALJ acknowledged that, during this time, Branson's pain level was "pretty well controlled" and "tolerable." (AR 22). At the time, Branson had been meeting with pain management specialists, and was regularly taking medication, as well as walking and riding an exercise bike three to four days per week. (AR 22-23, 764). The ALJ then proceeded to address the pain management that followed up through December 2019. The ALJ noted that Branson's pain level remained consistent with the date last insured, and that it was still tolerable with medication, allowing her to do things around the house. *See* 20 C.F.R. § 404.1529(c)(3)(i) (ALJ must consider a claimant's activities).

Lastly, Plaintiff generally argues that there is not substantial evidence to support the denial of her application for social security benefits. (DE 11-1 at 16-17). In making this argument, Plaintiff fails identify any aspects of the decision that lacked support in the evidence. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived, and it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to "put flesh on its bones." *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a review of

the evidence of record in this case demonstrates that the ALJ's decision is supported by substantial evidence. The ALJ expressly stated that she carefully considered the entire medical record, including all medical findings and observations, in reaching her decision. Branson has not identified any opinions or other evidence that was improperly considered by the ALJ. Thus, substantial evidence supports the ALJ's determination. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence which arguably supports a different conclusion.").

Branson's arguments that the ALJ ignored or minimized the evidence are merely conclusory. But as discussed above, these arguments are unavailing. Although Branson might disagree, it would be reasonable to require the ALJ to discuss each element of the record in detail, for the record is to be considered in totality. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 580, 591-92 (6th Cir. 1987). Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards.

For the foregoing reasons, **IT IS HEREIN ORDERED** as follows:

(1)  That the Commissioner's final decision be, and the same hereby is, **AFFIRMED.**

(2) That the Commissioner's motion for summary judgment (DE 15) be, and the same hereby is, **GRANTED.**

(3) That Plaintiff's motion for summary judgment (DE 11) be, and the same hereby is, **DENIED.**

(4) A separate judgment in conformity herewith **SHALL** this date be entered.

This the 9th day of March, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge